# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHRISTINE E. GRAY,

    Plaintiff(s),

v.

ANDREW SAUL,

    Defendant(s).

Case No.: 2:19-cv-01546-KJD-NJK

**Order**

[Docket No. 1]

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 1), and has submitted a Complaint (Docket No. 1-2).

**I.    Application to Proceed *In Forma Pauperis***

Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915. The Court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening. First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after

1

notice of a final decision.[1]  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled.  Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.  *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).

The complaint fails to show that this action was timely filed.  In particular, it alleges that the Appeals Council denied Plaintiff's request for review on June 28, 2019.  Compl. at ¶ 8.  This case was initiated 68 days later on September 4, 2019.  The complaint attempts to rectify the untimeliness of the complaint by also alleging that a request was made to the Appeals Council to extend the deadline.  *Id.*  No allegation is made that the request was actually granted, however, nor was any such order attached as an exhibit.

### III. Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made.  At this time, Plaintiff shall not be required to pre-pay the filing fee.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

---

[1] "The regulations further provide that receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable showing to the contrary." *Bess v. Barnhart*, 337 F.3d 988, 989 (8th Cir. 2003).  Hence, the presumptive deadline to initiate judicial review is 65 days after the issuance of the Appeals Council decision.  This deadline may be extended by the Appeals Council upon a showing of good cause.  20 C.F.R. § 422.210(c).

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **October 16, 2019**, to file an amended complaint, if Plaintiff believes the noted deficiency can be corrected.

IT IS SO ORDERED.

Dated: October 2, 2019

_____
Nancy J. Koppe
United States Magistrate Judge